UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MINGYUAN YU,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3123

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (*See* Pet., ECF No. 1, PageID.9.)

In an order entered on November 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 10, 2026, bond hearing on November 6, 2026. (Resp., ECF No. 5; Recording of Mar. 10, 2026, Bond Hearing, filed on Nov. 6, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of the People's Republic of China who entered the United States in December 2016 on an F-1 student visa.[1] On May 29, 2025, immigration officials encountered Petitioner and charged him as properly admitted, but removable, because he did not attend school from 2017 to the date of his detention. Op., *Yu v. Noem* (*Yu I*), No. 1:26-cv-292 (W.D. Mich. Mar. 4, 2026), (ECF No. 13).

On January 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Yu I*. *See id.*, (ECF No. 1). In *Yu I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Yu I*, (W.D. Mich. Mar. 4, 2026), (ECF Nos. 13, 14).

On March 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.19–20.) Petitioner filed a § 2241 petition on March 18, 2026, challenging the constitutionality of his detention following this custody redetermination hearing on March 10, 2026, arguing that the Immigration Judge did not apply the constitutionally required burden of proof. Pet., *Yu v. Noem* (*Yu II*), No. 1:26-cv-889 (W.D. Mich.), (ECF No. 1, PageID.2). In *Yu II*, this Court found that "there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing," and denied Petitioner's § 2241 petition

[1] In the petition, Petitioner alleges that he was paroled into the United States pursuant to INA § 212(d)(5), which is codified at 8 U.S.C. § 1182(d)(5), and that Respondents failed to comply with the statutory requirements for terminating his parole. (Pet., ECF No. 1, PageID.2–3.) However, as the Court previously recognized, Petitioner entered the United States on an F-1 student visa in December 2016, rather than pursuant to humanitarian parole under § 1182(d)(5). *Yu v. Noem* (*Yu I*), No. 1:26-cv-292 (W.D. Mich. Mar. 4, 2026), (Op., ECF No. 13). Accordingly, Petitioner's arguments concerning the termination of humanitarian parole are inapplicable.

without prejudice. Op. & Jud., *Yu II*, (W.D. Mich. Apr. 13, 2026), (ECF Nos. 8, 9). On October 30, 2026, Petitioner filed the present § 2241 petition. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, he again argues that his detention is unlawful because the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 10, 2026. (Pet., ECF No. 1, PageID.2, 7.) For the same reasons set forth in the Court's opinion in *Yu II*, there is no indication in the record before the Court that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See* Op. & Jud., *Yu II*, (W.D. Mich. Apr. 13, 2026), (ECF Nos. 8, 9).

To the extent that Petitioner challenges the factual determinations that were made at the bond hearing, those are issues that are properly raised on appeal to the Board of Immigration Appeals (BIA). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted) (discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").[2]

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 16, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge